

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. W. Easterling
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-1531
Re: (1) Applicability of Sec. 3,
(c) S. B. 402, Acts, Reg. Ses.,
46th Leg. (Art. 7336, V.A.C.S.)
to Independent School District
taxes. (2) Applicability of
Sec. 3, (c) S. B. 402, Acts,
Reg. Ses., 46th Leg. (Art. 7336,
V.A.C.S.) to the payment of
State and county ad valorem
taxes.

Under date of October 2, 1939, you submit for the opinion
of this Department the following two questions, which we quote from
your letter:

"1.  Under the provisions of this Bill, can an Independent School District which has by proper resolutions
adopted the provisions of the Act, (A) Allow a discount
on a payment of the first one-half payment of a split payment tax?  (B) Allow a discount on a payment of the second
one-half payment on a split payment tax?  In other words,
under what circumstances under this Act can an Independent
School District allow a discount on split payment of taxes?
Does Sub-Division C of Section 3 in any manner apply to
Independent School Districts?

"2.  In reference to County and State taxes, I respectfully ask your opinion as to proper construction of the Act
in reference to split payment of County and State taxes.
(A)  Under the provisions of this Act can a discount be allowed on the first payment made under a split payment of
State and County taxes?  (B)  Can a discount be allowed on
the second half payment of a split payment of County and
State taxes?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. ... Easterling, Page 2

The answer to both subdivisions (A) and (B) of your first question turns upon the single issue of the applicability of subsection (c), Section 3, Senate Bill 402, Acts, Regular Session, 46th Legislature, being Article 7336, as amended, Vernon's Annotated Civil Statutes, to independent school districts. This Article, as an entirety, allows a split-payment of taxes generally, the first half to be paid on or before November 30th of a given tax year and the last half on or before July 1st of the following year, and provides for an 8% penalty on this last installment if not paid when due. It is further provided that if taxes are not paid in this manner and within this time, then such taxes will become delinquent if not paid prior to February 1st of the year succeeding the year when the assessment rolls are returned, and will carry certain graduated penalties of from 1% to 8% for the month of February through the month of July. The particular portion of the Article with which we are concerned here, Subdivision (c), provides that when the foregoing split-payment plan of tax payments is adopted, discounts shall be allowed for prompt payment as follows:

"(c) If one-half (1/2) of such ad valorem taxes have been paid on or before November thirtieth of the year in which the same are assessed, the discounts herein provided for shall be effective and shall apply to the last half of the ad valorem taxes if paid ninety (90), sixty (60), and thirty (30) days, respectively, prior to the first day of July, when the same become delinquent as herein provided; but such discount shall not apply to the first half of such taxes if the same have been paid on or before November thirtieth of the year in which such assessment is made."

For aught that appears in the foregoing provisions of Article 7336, as amended, Vernon's Annotated Civil Statutes, considered in its entirety, the so-called split-payment plan of tax payments would be applicable to the taxes of independent school districts and the discount feature of Subsection (c) would be available, because the language of the statute is broad and general in scope so as to comprehend all poll taxes and all ad valorem taxes.

But these statutory provisions must be considered in connection with those of Section 1, Senate Bill 402, Acts, Regular Session, 46th Legislature, now Article 7057d, Vernon's Annotated Civil Statutes, allowing the constitutional discount for prompt payment of taxes due various political subdivisions and taxing districts of the State, including independent school districts, if and when the governing body of such districts and subdivisions adopts such discount feature, but further providing, that "in no event shall the

same apply to split-payment of taxes." This specific prohibition must govern the general provisions of Subdivision (c), Article 7336, Vernon's Annotated Civil Statutes, allowing the discount on the last installment when taxes are paid on the split-payment plan. Hence it is too plain for further discussion that the latter provision can have no application to independent school districts and no discount can be allowed taxes of independent school districts, paid under the split-payment plan, even though the governing body of such independent school district orders the allowance of such discount generally.

But we do not mean to hereby hold that independent school districts cannot elect, by proper order of its board of trustees, to adopt the other provisions of Article 7336, Vernon's Annotated Civil Statutes, regarding the payment of taxes. For a full discussion of this question, we enclose herewith copy of Opinion No. O-1352, directed to Hon. L. A. Woods, State Superintendent of Public Instruction.

Your second inquiry relates to the application of Subdivision (c), Article 7336, Vernon's Annotated Civil Statutes, to State and county ad valorem taxes. This Department, in Opinion No. O-1187 to Honorable Geo. H. Sheppard, Comptroller of Public Accounts, held that, under the Statutes discussed in this opinion, the discount for prompt payment will be allowed on the last installment of State ad valorem taxes, paid on the so-called split-payment plan, but will not be allowed on either installment of county ad valorem taxes when so paid. This opinion furnishes a specific answer to your question, and we accordingly enclose a copy thereof for your convenience and information.

Trusting we have satisfactorily answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Pat M. Neff, Jr.
            Assistant

PMN:N

APPROVED NOV 2, 1939

ATTORNEY GENERAL OF TEXAS

